**Hearing Date: September 29, 2026 at 1:30 p.m.**

POLSINELLI PC
Aaron P. Davis
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

*Attorneys for Secure Bridge Fund 1, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>10 SHEPHERDS LN MAP LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 8-26-73055-las |

**SECURE BRIDGE FUND 1, LLC's ADDITIONAL BRIEFING IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Creditor Secure Bridge Fund 1, LLC ("**Movant**" or "**Secured Lender**") by and through its undersigned counsel, and pursuant to Local Rule 9013-1 and 11 U.S.C. § 362(d)(1) and (d)(4), submits the within additional briefing in further support of its motion for an order granting *in rem* relief from the automatic stay (the "**Motion**"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## ADDITIONAL BRIEFING

1. The Court has asked Lender to submit additional briefing, solely on the application of the factors from *In re Sonnax*, 907 F.2d 1280 (2d Cir. 1990), as to the question of "cause" under 11 U.S.C. § 362(a)(1).

## LEGAL ARGUMENT

**The *Sonnax* Factors Definitively Demonstrate that "Cause" Exists to Terminate the Stay**

2. In *Sonnax*, the Second Circuit was tasked with defining the applicable legal standard for "cause" under Section 362(d)(1). In so doing, the Court held the following factors dispositive in determining whether "cause" exists to lift the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.
>
> [*Sonnax*, 907 F.2d at 1286].

3. Here, every applicable factor weighs in favor of a finding of "cause" pursuant to Section 362(d)(1).[1]

[1] The third, fifth, sixth *Sonnax* factors are inapplicable as the Debtor is not a fiduciary, there is no insurer, and there are no other creditors outside Secured Lender.

4. The first factor, "whether relief would result in a partial or complete resolution of the issues," supports lifting the stay. Allowing the state court foreclosure sale to proceed would resolve, entirely, the issues between the Parties as Secured Lender could credit bid the amount of its judgment, thereby satisfying the amount owed through either a third-party bidder or taking title to the Property. *See In re Hanna Jesionowska Practice LLC*, 2026 WL 1365120 (Bankr. S.D.N.Y. May 14, 2026). This is especially true as the Debtor claims there is a significant equity cushion. If the supposed equity cushion exists, there would not be a deficiency after the sale.

5. The second factor likewise weighs in favor of lifting the stay, i.e. lack of interference with the bankruptcy case. *See, e.g., In re Crichlow*, 666 B.R. 441, 457 (Bankr. E.D.N.Y. 2024) (finding the second *Sonnax* factor weighed in favor of stay relief where permitting a foreclosure sale in state court would not interfere with the debtor's bankruptcy). Like *Crichlow*, Debtor filed the instant petition to stay a foreclosure sale, but the sale had been ordered by the New York State Court and, relying on Debtor's representation, would result in a surplus of funds returned to Debtor.

6. The fourth factor weighs in favor of lifting the stay as the State Court clearly has the expertise to address foreclosure related issues. *See In re Residential Capital, LLC*, 2012 WL 3423285, at *7 (Bankr. S.D.N.Y. Aug. 14, 2012). Further, many of Debtor's alleged issues with final judgment would need to be addressed in State Court.

7. The seventh *Sonnax* factor weighs in favor of granting relief as there are no other creditors, so there cannot be prejudice to other creditors.

8. As to factors eight and nine, Secured Lender's success, i.e. sale of the Property in the State Court, would not result in a judicial lien avoidable by the Debtor and neither is Secured

Lender's claim subject to equitable subordination. *See In re Sterling*, 2018 WL 313085, *5 (Bankr. S.D.N.Y. Jan. 5, 2018).

9. The tenth factor, "the interests of judicial economy and the expeditious and economical resolution of litigation," strongly favors lifting the stay. Secured Lender has an unappealed, final judgment in foreclosure. Lifting the stay, and allowing Secured Lender to hold the foreclosure sale, would "alleviate the need for any further proceedings in the bankruptcy court." *See In re Cicale,* 2012 WL 3423285, *4 (Bankr. S.D.N.Y. June 29, 2007); *see also In re Crichlow*, 666 B.R. at 458 (finding the tenth *Sonnax* factor weighed in favor of lifting the stay where dismissal of federal claims for lack of jurisdiction pursuant to *Rooker-Feldman* was appropriate).

10. The eleventh factor weighs in favor of granting relief from the automatic stay because final judgment in foreclosure has already been entered. *See In re Crichlow*, 666 B.R. at 458.

11. Lastly, the twelfth factor, "the impact of the stay on the parties and the balance of the harms," weighs in favor of granting relief from stay. Here, "leaving the automatic stay in effect would unfairly harm [Secured Lender] by delaying its enforcement of a valid foreclosure judgment." *In re Hanna Jesionowska*, 2026 WL 1365120, at *13. Similar to *In re Hanna*, the Debtor's continued failure to make post-petition payments across both bankruptcies, along with the Property continuously depreciating in value based on Debtor's failure to pay property taxes, has diminished and continues to diminish any equity cushion that may exist to support Debtor's argument to maintain the stay. The harm to Debtor is nonexistent. Debtor has represented to this Court that it will shortly have a firm financing commitment that will repay Secured Lender in full. Based on the additional briefing requested by the Court, the earliest that Secured Lender could schedule the foreclosure sale would likely be the end of November (realistically December). Thus,

even if the Court were to grant relief from the automatic stay on September 29, 2026, the Debtor will have an additional two months to repay Secured Lender before any foreclosure sale.

12. As such, the interests of judicial economy and prompt resolutions of disputes, along with the balance of the hardships, weighs heavily in Secured Lender's favor. The stay should be lifted pursuant to Section 362(d)(1) with prospective, *in rem* relief pursuant to Section 362(d)(4).

Dated: September 11, 2026

Respectfully submitted,

POLSINELLI PC

By: */s/ Aaron P. Davis*

AARON P. DAVIS
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

ATTORNEYS FOR SECURED CREDITOR
SECURE BRIDGE FUND 1, LLC

## CERTIFICATE OF SERVICE

I, Aaron P. Davis, hereby certify that on September 11 ,2026, a true and correct copy of *Secure Bridge Fund 1, LLC's Additional Briefing in Further Support of Motion for* In Rem *Relief from the Automatic Stay* was served electronically to Debtor's Counsel, the U.S. Trustee, and the interested parties who have requested service by ECF notification from the court in this case.

*/s/ Aaron P. Davis*